# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIKING THERAPEUTICS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ASCLETIS BIOSCIENCE CO., LTD.; GANNEX PHARMA CO., LTD.; ASCLETIS PHARMACEUTICALS CO., LTD.; ASCLETIS PHARMA INC.; and JINZI JASON WU,<br><br>Defendants. | Case No.: 3:22-cv-02062-H-VET<br><br>**ORDER GRANTING, IN PART, AND DENYING, IN PART, RIMON, P.C.'S MOTION TO WITHDRAW AS COUNSEL**<br><br>[Doc. No. 36.] |

On April 3, 2023, the Court stayed the present action pursuant to 28 U.S.C. § 1659(a) pending the final decision in ITC Investigation No. 337-TA-1352. (Doc. No. 31.) On February 5, 2024, Michael F. Heafey and Matthew H. Poppe of Rimon, P.C. ("Rimon"), counsel currently representing Defendants Ascletis Bioscience Co., Ltd., Gannex Pharma Co., Ltd., Ascletis Pharmaceuticals Co. Ltd., Ascletis Pharma Inc., and Jinzi Jason Wu (collectively, "Defendants"), filed a motion to withdraw as counsel in this action for Defendants. (Doc. No. 36.) On February 23, 2024, Plaintiff Viking Therapeutics, Inc. ("Plaintiff") filed a response in opposition to Rimon's motion to withdraw as counsel. (Doc. No. 37.) On March 4, 2024, Rimon filed a reply. (Doc. No. 38.) On March 12, 2024, the Court, pursuant to its discretion under Local Rule 7.1(d)(1), submitted the motion on the parties' papers. (Doc. No. 40.) The Court further directed Rimon to

1

provide contact information for Defendant Wu. (Id.) On March 19, 2024, Rimon filed supplemental briefing regarding Defendant Wu's contact information. (Doc. No. 41.) On March 20, 2024, Plaintiff filed a response to Rimon's supplemental briefing. (Doc. No. 42.) On March 21, 2024, Rimon filed additional supplemental briefing regarding Defendant Wu's contact information. (Doc. No. 44.)

Rimon seeks to withdraw because "Defendants have refused to pay a large amount of money to Rimon for representing Defendants in both this case and in a parallel proceeding pending in the U.S. International Trade Commission," and has attached a declaration attesting to the same and to the non-prejudicial nature of the motion. (Doc. No. 36 at 4; Doc. No. 36-1, Declaration of Juan Zuniga.)

Parties generally may plead and conduct their own cases personally. 28 U.S.C. § 1654. However, "[o]nly natural persons representing their individual interests in propria persona may appear in court without representation by an attorney." Civ. L.R. 83.3(j). "All other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3." Id.; see also Rowland v. Cal. Men's Colony, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel . . . . [T]hat rule applies equally to all artificial entities."); United States v. High Country Broadcasting Co., Inc., 3 F.3d 1244, 1245 (9th Cir. 1993) (affirming district court's entry of default judgment against the corporation when the corporation failed to retain counsel for the duration of the litigation).

Here, Rimon seeks to withdraw as counsel of record for Defendant Wu, an individual, and corporate Defendants Ascletis Bioscience, Gannex Pharma, Ascletis Pharmaceuticals, and Ascletis Pharma. Should Rimon be permitted to withdraw as counsel of record for all Defendants, Ascletis Bioscience, Gannex Pharma, Ascletis Pharmaceuticals, and Ascletis Pharma would be without counsel in this action. No counsel has appeared on behalf of Ascletis Bioscience, Gannex Pharma, Ascletis Pharmaceuticals, and Ascletis Pharma. Consequently, permitting this withdrawal would leave Ascletis

Bioscience, Gannex Pharma, Ascletis Pharmaceuticals, and Ascletis Pharma, "artificial" legal entities, proceeding without counsel in direct contravention to this District's Civil Local Rules. See Civ. L.R. 83.3(j); Rowland, 506 U.S. at 201–02.

In light of the foregoing, the Court grants, in part, and denies, in part, Rimon's motion to withdraw as counsel without prejudice. (Doc. No. 36.) The Court grants Rimon's motion to withdraw as to Defendant Jinzi Jason Wu. The Clerk of the Court is instructed to update Defendant Wu's contact information as follows: (1) Mailing Address: 6 Fuchun Road, Shangcheng District, Hanghzhou, Zhejiang, China, 310008; and (2) Telephone Number: +86 15088769922.

The Court denies without prejudice Rimon's motion to withdraw as to Defendants Ascletis Bioscience, Gannex Pharma, Ascletis Pharmaceuticals, and Ascletis Pharma. The Court temporarily lifts the stay to allow Ascletis Bioscience, Gannex Pharma, Ascletis Pharmaceuticals, and Ascletis Pharma **thirty (30) days** to obtain substitute counsel and have counsel file a notice of appearance. Should such Defendants fail to obtain new counsel within the next thirty days, Rimon may file a renewed motion no earlier than **May 9, 2024**, to withdraw as counsel of record. If a renewed motion is filed, it should describe the ongoing efforts to seek new counsel in addition to the ongoing relationship with Ascletis Bioscience, Gannex Pharma, Ascletis Pharmaceuticals, and Ascletis Pharma. In the event that Ascletis Bioscience, Gannex Pharma, Ascletis Pharmaceuticals, and Ascletis Pharma retain new counsel within the next thirty days, Rimon may immediately seek leave to withdraw as counsel. Upon resolution of Rimon's efforts to withdraw as counsel, the Court will reimpose the stay pending the final decision in ITC Investigation No. 337-TA-1352.

**IT IS SO ORDERED.**

DATED: April 8, 2024

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT